IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CELESTINA "SALLY" DURAN, Individually and as Personal Representative of the ESTATE OF FIDENCIO DURAN; and ROBERT DURAN, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| UNITED TACTICAL SYSTEMS, LLC d/b/a PEPPERBALL; ADVANCED TACTICAL SYSTEMS, LLC d/b/a PEPPERBALL; TIPPMANN SPORTS, LLC; and PERFECT CIRCLE PROJECTILES, LLC, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NO.: _____

## JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants United Tactical Systems, LLC d/b/a PepperBall ("UTS"), Advanced Tactical Ordnance Systems, LLC d/b/a PepperBall ("ATO")[1] and Tippmann Sports, LLC ("Tippmann") hereby jointly remove this action from the Second Judicial District Court, State of New Mexico, showing the Court as follows:

1.     On or about September 28, 2018, Plaintiffs Celestina "Sally" Duran, individually and as Personal Representative of the Estate of Fidencio Duran, and Robert Duran filed a Complaint for Wrongful Death (the "Complaint") against Defendants UTS, ATO, Tippmann,

---

[1] In their case caption, Plaintiffs refer to "Advanced Tactical Systems, LLC d/b/a PepperBall," but the Complaint subsequently refers to this entity as "Advanced Tactical *Ordnance* Systems, LLC" (emphasis added).  For purposes of this notice, UTS and Tippmann reconcile this discrepancy by referring to the latter entity, Advanced Tactical Ordnance Systems, LLC, as the proper party in interest.

and Perfect Circle Projectiles, LLC ("Perfect Circle") in the action entitled *Celestina "Sally" Duran, Individually and as Personal Representative of the Estate of Fidencio Duran, and Robert Duran v. United Tactical Systems, LLC d/b/a PepperBall, et al.*, Case No. D-202-CV-2018-06807, pending in the Second Judicial District Court, State of New Mexico (the "State Court Action").

2.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon UTS and Tippmann, as of the date hereof, are attached as Exhibit 1 and incorporated herein by reference as if fully set forth.[2]

3.      The Complaint states product liability claims sounding in strict liability and negligence against UTS, Tippmann, ATO, and Perfect Circle arising from the death of Plaintiff's decedent, Fidencio Duran, who allegedly died because of a defective "PepperBall System." *See* Ex. 1, Compl., at ¶¶ 12-13 (defining "PepperBall System"), 95-96, 99, 108-109 alleging negligence).   According to the Complaint, officers from the Bernalillo County Sheriff's Department responded to an emergency call regarding Fidencio Duran and subsequently deployed the PepperBall System to subdue him, causing allegedly fatal injuries. *See id.* at ¶¶ 61-67, 81-89.

4.      As explained below, this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because (a) removal is timely; (b) there is complete diversity of citizenship between Plaintiff and Defendants; and (b) the amount in controversy exceeds the sum or value of

---

[2] As stated below, ATO is no longer an existing entity, having been acquired by UTS in July 2014. *See* Ex. 1, Compl., ¶ 24.  Accordingly, Plaintiffs have not served ATO (or Perfect Circle) with any papers.

$75,000.00, exclusive of interest and costs.  As such, pursuant to 28 U.S.C. § 1441(a), UTS and Tippmann may remove the State Court Action to this Court.

## REMOVAL IS TIMELY

5.       As evidenced by the attached notarized Return, Tippmann received a copy of Plaintiff's Complaint on October 15, 2018.  *See* Ex. 1.  UTS received a copy of Plaintiff's Complaint thereafter.

6.       This Notice is filed within thirty (30) days after receipt by UTS and Tippmann of the "initial pleadings setting forth the claim for relief upon which such action or proceeding is based," pursuant to 28 U.S.C. § 1446(b)(1).

7.       Consequently, UTS and Tippmann have filed this Notice timely under 28 U.S.C. § 1446(b)(1).

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

8.       There exists complete diversity of citizenship between Plaintiff and Defendants, both at the time of the filing of the Complaint and as of the date hereof.  As of the date hereof, Plaintiff, UTS, and Tippmann are the only parties properly joined to this action.[3]

9.       For purposes of determining diversity of citizenship, "the legal representative of the estate of a decedent [*i.e.*, Plaintiff] shall be deemed to be a citizen only of the same State as the decedent . . . ."  28 U.S.C. § 1332(c)(2).  The citizenship of a limited liability company (*i.e.*, UTS and Tippmann) is determined by "the citizenship of all its members."  *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015).  Finally, "a

---

[3] As stated below, Plaintiffs have only served UTS and Tippmann with process in the State Court Action.  The remaining Defendants—ATO and Perfect Circle—have not been served.

corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1)); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (defining corporation's principal place of business as "where a corporation's officers direct, control, and coordinate the corporation's activities").

10.    Plaintiff Celestina Duran is a citizen of New Mexico because her decedent, Fidencio Duran, "was a lifelong resident of the State of New Mexico, and was living in the County of Bernalillo at the time of his death." *See* Ex. 1, Compl., at ¶ 3.

11.    Plaintiffs have not affirmatively alleged the citizenship or residence of Plaintiff Robert Duran, but the Complaint indicates he, too, is a citizen of New Mexico. *See, e.g.*, *id.* at ¶ 64 (alleging Robert Duran was present in New Mexico on the date of decedent's injuries).

12.    Upon information and belief, including public filings in the U.S. District Court for the Central District of California dated February 29, 2016, UTS is a Delaware limited liability company whose sole member is a Delaware limited liability company called United Tactical Systems Intermediate Holdings, LLC.  The sole member United Tactical Systems Intermediate Holdings, LLC is a Delaware limited liability company called United Tactical Systems Holdings, LLC.  The sole member of United Tactical Systems Holdings, LLC is a Delaware limited liability company called ClearLight Partners III, LLC.  All members of ClearLight Partners III, LLC are citizens of California.  Thus, UTS is a citizen of California.

13.    Tippmann is a Delaware limited liability company whose members are as follows: (a) Tippmann US Holdco, Inc., a Delaware corporation whose principal place of business is in Delaware; (b) GI Sportz, Inc., a Canadian corporation whose principal place of business is in

Montreal, Quebec; (c) GI Sportz Direct, LLC, a Delaware limited liability company whose sole member is the aforementioned GI Sportz, Inc; and (d) Tippmann Finance, LLC, a Delaware limited liability company whose sole member is the aforementioned Tippmann US Holdco, Inc. Thus, Tippmann is a citizen of Delaware and Canada.

14.     ATO "was," as Plaintiffs acknowledge, a Delaware limited liability company. *Id.* at ¶ 7. Upon information and belief, including public filings in the U.S. District Court for the Central District of California dated January 19, 2016, UTS acquired the assets of ATO and began operating under the name "United Tactical Systems, LLC" as of August 8, 2014, more than one year before accrual of the injuries giving rise to this action. Thus, ATO's citizenship is irrelevant for purposes of this notice. *See also id.* at ¶ 28 ("Defendant UTS is a successor-in-interest to Defendant ATO and Perfect Circle.").

15.     Perfect Circle "was," as Plaintiffs acknowledge, an Illinois limited liability company. *Id.* at ¶ 10. Upon information and belief, Perfect Circle is no longer an operating entity, having been dissolved on or about October 9, 2015, approximately one week before accrual of the injuries giving rise to this action. Thus, Perfect Circle's citizenship is irrelevant for purposes of this notice. *See also id.* at ¶ 28 ("Defendant UTS is a successor-in-interest to Defendant ATO and Perfect Circle.").

16.     Putting aside their corporate statuses, diversity exists between ATO and Perfect Circle and Plaintiff, upon information and belief, as well. *See* Ex. 1, Compl., ¶¶ 7 (alleging ATO "was a Delaware limited liability company with its principal place of business in Illinois or, possibly, California"), 10 (alleging Perfect Circle "was an Illinois limited liability company with its principal place of business in Lake Forest, Illinois").

17.     Consequently, complete diversity of citizenship exists between Plaintiffs and Defendants for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(a).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

18.     The amount in controversy is typically determined by "the status of the case as disclosed by the plaintiff's complaint . . . ." *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289 (1938)). However, in cases such as this, where the pleadings do not disclose a specific amount of damages, a removing defendant "must affirmatively establish [federal diversity] jurisdiction by proving jurisdictional *facts* that made it *possible* that" the "case may involve more than $75,000." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (emphases in original). "It is only the jurisdictional facts that must be proven by a preponderance—not the legal conclusion that the statutory threshold amount is in controversy." *Id.*

19.     "[I]n the absence of an explicit demand for more than $75,000," courts allow removing defendants to "rely on an estimate of the potential damages from the allegations in the complaint[,]" holding that removal is appropriate where the complaint "presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 . . . ." *Id.* at 955-56 (holding removing defendant had met burden of demonstrating requisite amount in controversy where defective design is alleged to have caused severe bodily injuries leading to wrongful death).

20.     Here, Plaintiffs' Complaint alleges they are entitled to damages arising from the wrongful death of Fidencio Duran including, *inter alia*: (a) emotional distress; (b) "extreme" pain and suffering; (c) loss of consortium; (d) loss of enjoyment of life; and (e) loss of chance.

*See* Ex. 1, Compl. at ¶¶ 103, 111-115. Plaintiffs further contend they are entitled to "an award of punitive or exemplary damages" against Defendants. *Id.* at ¶ 114. Plaintiffs support their damages claims by alleging that the decedent "died on October 15, 2015, as a result of his injuries, including wounds caused by the PepperBall System[,]" after having spent one month at the University of New Mexico hospital. *Id.* at ¶¶ 88-89.

21.     Further, documents or information that demonstrate Plaintiffs' own estimation of their claims are a proper means of supporting this notice. *See McPhail*, 529 F.3d at 956 (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). In that regard, public information and records indicate that one or both Plaintiffs have previously brought suit against Bernalillo County relating to Fidencio Duran's death. Plaintiff(s) settled that litigation in or around February 2018 for approximately $1.5 million.

22.     Based on allegations in the Complaint, as well as other known information, UTS and Tippmann have demonstrated by a preponderance of the evidence that the facts of this case demonstrate a possibility that the amount in controversy exceeds $75,000 for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(a). *See McPhail*, 529 F.3d at 955-56 (holding removing defendant had met burden of demonstrating requisite amount in controversy where defective design is alleged to have caused severe bodily injuries leading to wrongful death).

### THE UNANIMITY REQUIREMENT IS EXCUSED HERE

23.     Courts have construed the removal statutes to require all defendants in a case to consent to removal, thus creating the so-called "unanimity requirement." *See, e.g., Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1172-72 (D.N.M. 2007); *Russell Corp. v. Am.*

*Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900)).

24.     However, "[t]his unanimity requirement is excused" under certain circumstances. *Id.* at 1173.   Relevant here, "a defendant who has not yet been served with process is not required to join." *Id.* (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 540-41 (1939)); *see also* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined *and served* must join in or consent to the removal of the action." (emphasis added)).

25.     The "unanimity requirement" is excused because, as of the date hereof, Plaintiffs have only "joined and served" UTS and Tippmann. *See id.*  The remaining Defendants have not been served, as evidenced by the lack of any affidavit or return evidencing service upon such Defendants having been filed with the Second Judicial District Court, and as further evidenced by Plaintiffs' own acknowledgement that ATO and Perfect Circle are no longer extant entities. *See* Ex. 1, Compl., ¶¶ 7, 10, 24, 26, 28.

WHEREFORE, UTS and Tippmann hereby file this Notice of Removal and remove the State Court Action to this Court.  By the notice attached hereto as Exhibit 2, UTS and Tippmann shall notify Plaintiffs and the Clerk of the Second Judicial District Court of their filing of this Notice of Removal in accordance with 28 U.S.C. § 1446(d).

This 14th day of November, 2018.

[*Signatures on following page*]

/s/ James C. Wilkey
**Dixon Scholl Carrillo, P.A.**
Steven S. Scholl, State Bar ID 5906
James C. Wilkey, State Bar ID 143001
6700 Jefferson NE
Building B, Suite 1
Albuquerque, NM  87109
T: 505-244-3890
F: 505-244-3889
sscholl@dsc-law.com
jwilkey@dsc-law.com

*Counsel for Defendant Tippmann Sports, LLC*


and


**Weinberg Wheeler Hudgins Gunn & Dial, LLC**
Jonathan R. Friedman
(*Pro Hac Vice to be filed*)
Joseph J. Minock
(*Pro Hac Vice to be filed*)
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326
T: 404-876-2700
F: 404-875-9433
jfriedman@wwhgd.com
jminock@wwhgd.com


/s/ Juan L. Flores
**Stelzner Winter Warburton Flores**
**Sanchez Dawes, P.A.**
Juan L. Flores, State Bar No. 6236
302 8th Street, NW
Suite 200
Albuquerque, NM 87102
T: 505-938-7770
F: 505-938-7781
jflores@stelznerlaw.com

*Counsel for Defendants United Tactical Systems,*
*LLC & Advanced Tactical Ordnance Systems, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on November 14, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and have sent notice and copies of such filing, via U.S. Mail, with adequate postage prepaid, and e-mail to the following attorneys of record:

>Kennedy Kennedy & Ives
>Laura Schauer Ives (lsi@civilrightslaw.com)
>Joseph P. Kennedy (jpk@civilrightslaw.com)
>Adam C. Flores (acf@civilrightslaw.com)
>1000 2nd Street, NW
>Albuquerque, NM 87102
>*Counsel for Plaintiffs*
>
>Fine Law Firm
>Mark Fine (finemark@gmail.com)
>220 9th Street, NW
>Albuquerque, NM 87102
>*Counsel for Plaintiffs*
>
>Stelzner Winter Warburton Flores Sanchez Dawes, P.A.
>Juan L. Flores (jflores@stelznerlaw.com)
>302 8th Street, NW
>Suite 200
>Albuquerque, NM 87102
>*Counsel for Defendants United Tactical Systems, LLC &*
>*Advanced Tactical Ordnance Systems, LLC*

>    */s/ James C. Wilkey*
>    James C. Wilkey